IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

UNITED STATES OF AMERICA

v.                                                    No. 2:26-CR-0005

JOHN PAUL REYES, SR.

## AMENDED UNOPPOSED MOTION TO HAVE THE COURT TO DETERMINE WHETHER THERE IS GOOD CAUSE FOR THE WITHDRAWAL OF COUNSEL

AND NOW comes the Defendant John Paul Reyes, Sr., by and through his undersigned counsel, and respectfully moves the Court to determine whether there is good cause for the withdrawal of counsel and the appointment of new counsel for the following reasons:

1.     Federal Defense attorney Eric Coats was originally the attorney appointed by the court to represent the Defendant.  On March 16, 2026, Mr. Coats moved to withdraw.

2.     On March 17, 2026, that withdrawal was granted and the undersigned CJA attorney was appointed.

3.     On March 23, 2026, the undersigned attorney called the defendant in the Randall County Jail and introduced herself.  Defendant stated he had hired an attorney.  The undersigned explained no one had filed into the case.  Defendant seemed to be leaning strongly towards choosing a

trial rather than a plea. Therefore, the undersigned assured Defendant that she could handle a trial if that was his choice and mentioned that she had previously won a trial in this same federal court, but also told the Defendant that she could not guarantee a win for Defendant and could only guarantee she would fight for him if he chose a trial. Additionally, the undersigned explained to the Defendant that the government overwhelmingly wins the vast majority of trials and the reasons therefore. Defendant stated he "liked the sound of" the undersigned attorney and would stick with me and get his money back from the other attorney. On that basis, the undersigned filed an Entry of Appearance that same day (ECF 127) and requested discovery from the AUSA. Almost immediately thereafter, Attorney Geoffrey Puryear filed a Motion to Substitute that same day (ECF128).

4.    A week later, on April 1, 2026, Mr. Puryear filed a Motion to Withdraw Motion to Substitute counsel stating that Defendant failed "to comply with their contractual agreement namely failure to comply with their financial obligations." (ECF 129). The Court issued an Order on April 2, 2026, granting the motion to withdraw the motion to substitute and ordering that the undersigned would remain the attorney of record in the case. (ECF 130).

5.    On April 1, 2026, Defense counsel renewed her request to

the AUSA for discovery — a request which she'd withdrawn after the Motion to Substitute was filed.

6. On April 7, 2026, the undersigned called Defendant and let him know the status of the case and that she was waiting on discovery. Defendant replied, "Yeah, I decided to stick with you. I liked you."

7. Discovery was received by the undersigned on April 13, 2026, in a 1 terabyte hard drive.

8. On April 14, 2026, the Defendant's letter motion to the Court was filed. (ECF 133). In this letter motion, Defendant stated several lies and also stated that he could not find in the law library the case that the undersigned had won. That same day, the undersigned called Defendant and let him know discovery had been received, but it would take a couple of weeks to review all of it and get it organized for him. Additionally, the undersigned decided not to dispute Defendant's lies other than to say that the Defendant knew he was lying in that letter because both conversations had been very productive and personable. The undersigned did explain that Defendant would not be able to find a jury trial that was won in the law library since those books only contained appellate cases and "you do not appeal wins." The undersigned attorney offer to give him the public cause number of the trial she won so that he would know she was telling the truth.

He did not want the cause number and stated he wanted a different attorney and did not want the undersigned attorney representing him. The undersigned explained that Defendant could hire anyone he wanted, but that Defendant's do not get to attorney shop when they get appointed attorneys and I was already his second appointed attorney. Defendant could not give any concrete reasons for not wanting the undersigned to represent him, but demanded she file a motion to withdraw. The Defendant only calmed down when the undersigned attorney said she would file this motion asking the Court to determine if there was any good cause to give this Defendant a third court appointed attorney.

9. All of this came as a surprise to the undersigned attorney because both telephone calls prior to April 14, 2026, were very productive and polite and the undersigned attorney had looked forward to working with this Defendant.

10. Defendant does not wish to be represented by Ms. Stephens, but Ms. Stephens has no legal or ethical basis on which to ask for permission to withdraw from this case. Ms. Stephens is ready and willing to fight for this Defendant with all her professional zeal.

11. Defendant respectfully requests that the District Judge rather than the Magistrate be the judge to hear and decide this motion.

12.    AUSA Anna Bell is unopposed to this motion.

13.    The parties plan to filed an agreed motion for complex litigation in this case.

14.    Defense counsel is *unavailable* for a hearing on this motion on the following dates:

April 21, 22, 23, 24, 27, 28, 29, 30;

May 6, 12, 14, 21, and 28.

WHEREFORE, for the foregoing reasons, it is respectfully requested that the Court determine if there is good cause to grant the withdrawal of counsel and appoint a new attorney.

Respectfully Submitted,

/s/ Bethany S. Stephens
Bethany S. Stephens
TX SBN 24056377
Counsel for Defendant
P.O. Box 75
Childress, TX 79201
(940) 937-4050
bstephenslaw@gmail.com

Dated:  April 14, 2026